IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD J. BOUCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 20-1341 |
| | ) |
| KILOLO KIJAKAZI, | ) |
| *Acting Commissioner of Social Security*, | ) |
| | ) |
| Defendant. | ) |

O R D E R

AND NOW, this 31st day of August, 2022, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for disability insurance benefits ("DIB") under Subchapter II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms.  *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d 114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).  *See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]   Plaintiff is proceeding *pro se* in this case, and while the Court believes that he has done a credible, good-faith job of explaining his positions, the Court must, at the outset, explain what it

1

can and cannot review here. Several of Plaintiff's arguments relate to a decision denying his prior claim for Social Security DIB benefits dated April 17, 2017 (R. 139-48). As the Commissioner points out, that is ***not*** the decision that the Court is reviewing here. Rather, it is reviewing the decision of the Administrative Law Judge ("ALJ") denying his claim for benefits dated May 6, 2019 (R. 53-61).

42 U.S.C. § 405(g) permits a district court to review only the Commissioner's "final decision." *See also Califano v. Sanders*, 430 U.S. 99, 108 (1977). "But the Act does not define 'final decision,' instead leaving it to the [Social Security Administration ("SSA")] to give meaning to that term through regulations." *Sims v. Apfel*, 530 U.S. 103, 106 (2000) (citing § 405(a); *Weinberger v. Salfi,* 422 U.S. 749, 766 (1975)). As the Supreme Court explained in *Sims*, pursuant to the SSA's regulations, "if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision. If the Council denies the request for review, the ALJ's opinion becomes the final decision." *Id.* at 106-07 (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a)). However, if a claimant fails to request review from the Appeals Council, "there is no final decision and, as a result, no judicial review in most cases." *Id.* at 107 (citing § 404.900(b); *Bowen v. City of New York,* 476 U.S. 467, 482–483 (1986)). In other words, a claimant may not obtain judicial review when he fails to exhaust his administrative remedies by seeking review by the Appeals Council. *See id.*

Plaintiff asserts that he intended to appeal the April 17, 2017 denial of his claim, but inadvertently filed a new claim instead. Regardless of his intent, the record is clear that Plaintiff did, in May of 2017, file a new claim instead of an appeal to the decision. (R. 226-32). Although he would later proceed *pro se*, Plaintiff was represented at the time he filed his new claim. (R. 167). Moreover, the previous ALJ explained to Plaintiff, via her April 17, 2017 letter, that filing a new claim was not the same thing as filing an appeal. (R. 136-38). Because Plaintiff did not exhaust his administrative remedies in regard to the April 17, 2017 decision, it is not a "final decision" that this Court may review. *See Crossley v. Kijakazi*, No. 3:20-CV-02298, 2021 WL 6197783, at *9 (M.D. Pa. Dec. 31, 2021). Therefore, arguments as to that decision, such as those pertaining to the medical opinion of Dr. Lieber and reference to an alleged prior drug conviction, are moot.

Plaintiff did, though, exhaust his administrative remedies in regard to the May 6, 2019 decision by appealing the denial of benefits to the Appeals Council. Because the Appeals Council declined to review the ALJ's decision (R. 1-3), the ALJ's decision is a "final decision" that this Court has authority to review. However, the Court emphasizes that, since this is a claim for DIB benefits under Title II of the Act, Plaintiff must establish that he became disabled before his date last insured. *See* 42 U.S.C. § 423(a)(1)(A); *Kelley v. Barnhart*, 138 Fed. Appx. 505, 507 (3d Cir. 2005) (citing *Kane v. Heckler,* 776 F.2d 1130, 1131 n.1 (3d Cir.1985). There is no dispute that Plaintiff's date last insured was September 30, 2017. (R. 55). Accordingly, to prevail on his claim, Plaintiff must prove that he was disabled as of that date.

Unfortunately for Plaintiff, a good deal of his position appears to be based on a request for the Court to consider evidence that the ALJ did not have when she issued her decision. However, evidence that was not before the ALJ cannot be considered by a district court in its

determination of whether or not the ALJ's decision was supported by substantial evidence. *See Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001); *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 360 (3d Cir. 2011). Accordingly, the Court cannot rely on any records that were not part of the administrative record upon which the ALJ based her decision in making its determination here.

What the Court may do is consider whether the new evidence establishes the need for a "sentence six remand." *See Matthews*, 239 F.3d at 594. Sentence six of Section 405(g) provides:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which was not before the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record. Second, the evidence must be material. This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination. Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record. *See Matthews*, 239 F.3d at 594; *Szubak v. Secretary of Health & Human Services*, 745 F.2d 831, 833 (3d Cir. 1984). Plaintiff cannot meet this burden.

The Court will address each piece of proposed new evidence separately. First, the treatment notes from Clifford Vogan, M.D., P.C., dated January 11, 2018, are not new, as these same treatment notes are already part of the record. (R. 406-08). They clearly fail to meet the first requirement for a sentence six remand.

The October 17, 2017 cognitive testing results, on the other hand, are not part of the record considered by the ALJ. However, it still does not appear that these records are "new," as they clearly existed at the time of the administrative hearing, and Plaintiff has offered no explanation as to why they were not presented to the ALJ at that time. Regardless, the cognitive testing results not material; they reflect nothing more than normal cognitive functioning, and there is no reasonable possibility that this evidence would have changed the outcome of the ALJ's determination.

As for the medical opinions dated June 25, 2019, and July 19, 2019, which were offered by Plaintiff's treating psychiatrist, Hari K. Vemulapalli, M.D., even assuming these opinions meet the first criterion for a sentence six remand by being "new," they are not "material," and therefore fail to meet the second requirement, since they do not relate to the relevant time period. "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of [a] previously non-disabling condition." *Szubak*, 745 F.2d at 833;

3

---

*see also Rainey v. Astrue*, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012). Therefore, evidence related to Plaintiff's condition after the date he was last insured is irrelevant. *See Ortega v. Comm'r of Soc. Sec.*, 232 Fed. Appx. 194, 197 (3d Cir. 2007). "Further, a medical condition which begins during a claimant's insured period, but does not become disabling until after its expiration, may not be the basis for qualification for disability benefits under the Act." *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa. 1980), *aff'd* 649 F.2d 858 (3d Cir. 1981).

Dr. Vemulapalli's opinions post-date Plaintiff's date last insured by more than 20 months. Moreover, not only is there no indication that these opinions were intended to relate back almost two years to Plaintiff's insured period, Dr. Vemulapalli, in fact, did not begin treating Plaintiff until months after the insured period ended. (R. 442-43). Accordingly, there is no basis to relate these opinions to the relevant time period. The Court further notes that Dr. Vemulapalli's opinion regarding episodes of decompensation is completely unsupported by the record and frankly draws into question his understanding of the SSA's definitions and terms.

The same applies for the Functional Capacity Evaluation completed on July 16, 2019. As with Dr. Vemulapalli's opinions, this Evaluation was not even performed until many months after Plaintiff's date last insured. As such, it does not relate to the relevant time period and is therefore not material.

There are several problems with Dr. Vogan's medical opinion dated August 5, 2019. First, although this specific document obviously did not exist at the time the ALJ rendered his decision, Plaintiff provides no explanation as to why such an opinion was not obtained at that time. Indeed, he had been treating with Dr. Vogan for some time at that point. The mere fact that evidence did not exist at the time of the hearing is not good cause for failure to timely obtain and file such evidence before the ALJ. *See Stover v. Comm'r of Soc. Sec.*, No. CV 16-1265, 2017 WL 3190724, at *4 (W.D. Pa. July 27, 2017). Therefore, this opinion is not "new" for purposes of sentence six of Section 405(g). Moreover, it is dated nearly two years after the end of Plaintiff's date last insured. While Dr. Vogan filled in a blank indicating that he "imposed these restrictions" two years ago, there is no explanation as to what this means or how this opinion is meant to relate back to the insured period. Therefore, it is also not "material." In any event, with no explanation offered for the opinion's late submission, good cause has not been established either.

Plaintiff does raise arguments regarding the May 6, 2019 ALJ decision based on the evidence that is part of the record of this case, including claims regarding difficulty wiping after bowel movements, problems with frequent urination, and back and neck pain causing limited mobility. However, the ALJ acknowledged and considered these allegations. (R. 58-60). It is important to remember that, while a claimant's testimony regarding his subjective complaints is certainly relevant, an ALJ is not under an obligation to simply accept what the claimant said without question. *See* 20 C.F.R. § 404.1529(c)(4); *Chandler*, 667 F.3d at 363. Although the ALJ found that Plaintiff's conditions could reasonably be expected to cause the alleged symptoms, she found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the evidence. She proceeded to

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (Doc. No. 17) is DENIED and that Defendant's Motion for Summary Judgment (Doc. No. 21) is GRANTED as set forth herein.

s/Alan N. Bloch
United States District Judge

ecf:    Counsel of record

cc:     Ronald J. Boucher
        211 Allegheny Avenue
        Cheswick, PA 15024

---

discuss at significant length Plaintiff's limited treatment history, the improvement of his conditions with medication, objective medical evidence including clinical tests not consistent with Plaintiff's testimony, Plaintiff's activities of daily living, as well as the opinions of the state agency medical consultant and the consultative examiner. (R. 58-60). She ultimately found that Plaintiff could return to his past relevant work as an order clerk as it is generally performed. (R. 60-61). It therefore does not matter whether Plaintiff could return to that position precisely as he had performed it at J.C. Penney; it is sufficient that he could perform the job as ordinarily required by employers. *See* S.S.R. 82-61, 1982 WL 31387, at **1-2 (S.S.A.); 20 C.F.R. 404.1560(b)(2).

The Court emphasizes that, if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently. *See Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999) (citing 42 U.S.C. § 405(g)); *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); *Berry*, 738 F. Supp. at 944 (*citing Cotter*, 642 F.2d at 705). In addition, "[t]he presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 Fed. Appx. 761, 764 (3d Cir. 2009). Here, the ALJ considered and discussed the objective medical evidence, Plaintiff's testimony, and the medical opinion evidence. All of this constitutes substantial evidence in support of the ALJ's findings.

Accordingly, for the reasons set forth herein, the Court finds that the ALJ employed the proper legal standards and that substantial evidence supports her decision. The Court will therefore affirm.